O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EVANS, | Case No. 2:20-cv-08206-JGB-JC |
| Petitioner, | ORDER (1) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; (2) ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. STATES MAGISTRATE JUDGE; (3) DENYING EMERGENCY MOTION (DKT. NO. 13); (4) CONSTRUING PETITION TO BE 28 U.S.C. § 2255 MOTION; AND (5) DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| FELIPE MARTINEZ, JR., | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)" ("Petition") (Dkt. Nos. 1, 2), petitioner's "Motion Requesting Magistrate Judge Jacqueline Chooljian's Emergency COVID-19 Pandemic Assistance from Unsafe 'Cohorting' Prison Environment and Conditions That Violate[] Prisoner's 8th Amendment Right to Due Process" ("Emergency Motion") (Dkt. No. 13), and all of the records herein, including the May 18, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") (Dkt. No. 15), and petitioner's objections to the Report and Recommendation ("Objections") (Dkt. No. 16).

The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge reflected in the Report and Recommendation, and overrules the Objections. The Court discusses petitioner's principle objections herein.

Petitioner takes issue with the Magistrate Judge's finding that petitioner does not qualify for the "escape hatch" for having his claims which concern his conviction and sentence in the Eastern District of Pennsylvania ("EDPA") heard by this Court pursuant to petitioner's Section 2241 Petition, rather than through a 28 U.S.C. § 2255 ("Section 2255") motion filed in his sentencing district. Petitioner contends, *inter alia*, that the Magistrate Judge "overlooked several facts and records that clearly reveal[] that he did not have an unobstructed procedural shot at presenting his actual innocence claim before." Objections at 2-3, 5-8 (citing petitioner's sentence and direct appeal and subsequent motions which the Magistrate Judge summarized in the Report and Recommendation at pages 5-9 and expressly considered at pages 12-13 in finding in light of the procedural history that petitioner had an unobstructed procedural shot at presenting his actual innocence claim).

Petitioner argues that he did not have an unobstructed procedural shot at presenting his actual innocence claim predicated in part on <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2248 (2016) and <u>Descamps v. United States</u>, 570 U.S. 254, 260-62 (2013) in a Section 2255 motion, because his first Section 2255 motion preceded these cases. (Objections at 4-5, 8-10). As the Magistrate Judge noted (<u>see</u> Report and Recommendation at 11 n.4), the fact that Ground One asserts factual innocence predicated upon a legal change that occurred *after* petitioner filed his first Section 2255 motion is what qualifies petitioner for the escape hatch. It does not in itself mean that petitioner has never had an unobstructed procedural shot at presenting his actual innocence claim. The Magistrate Judge appropriately looked to petitioner's procedural history and found that petitioner did in fact present his actual innocence claim based on <u>Mathis</u> and <u>Descamps</u> in his second Section 2255 motion filed with

the EDPA which was denied on the merits because <u>petitioner's *federal* armed bank robbery conviction, *the actual predicate offense on which the sentencing court relied*</u>, was a "crime of violence" to support petitioner's career offender conviction. <u>See</u> Report and Recommendation at 12-14 (citing EDPA Case, Docket No. 175).

Petitioner also takes issue with the Magistrate Judge's finding that petitioner has not shown that his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention" with respect to petitioner's claim that his sentence exceeds the statutory maximum (Ground Two). (Objections at 10-13). As the Magistrate Judge advised, Section 2255's remedy is not "inadequate or ineffective" merely because, as here, Section 2255's gatekeeping provisions prevent petitioner from filing a second or successive petition. <u>See</u> Report and Recommendation at 14 (citing <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended), <u>cert. denied</u>, 540 U.S. 1051 (2003)). Petitioner's showing falls short of establishing that his remedy under Section 2255 is inadequate or ineffective.

Finally, the Court observes that petitioner's Objections do not challenge the Magistrate Judge's recommendation that the Court deny petitioner's Emergency Motion without prejudice.

THE COURT THEREFORE FINDS AND ORDERS:

1. The Emergency Motion is denied without prejudice.
2. The Petition is construed to be a motion arising under Section 2255 ("Section 2255 Motion").
3. This Court lacks the requisite jurisdiction to entertain the Petition/ Section 2255 Motion.
4. Transferring the Petition/Section 2255 Motion to the EDPA would be futile.

///

///

///

5. The Petition/Section 2255 Motion and this action are dismissed without prejudice.

6. The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

DATED: July 27, 2021

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE